**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BERNARD LINDBLOM, | No. 08-15782 |
| Plaintiff - Appellant, | D.C. No. 2:06-CV-02280-GEB-GGH |
| v. | |
| UNITED STATES OF AMERICA, ex rel Department of the Army; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Argued and Submitted February 10, 2010
San Francisco, California

Before: O'SCANNLAIN, TROTT and PAEZ, Circuit Judges.

Bernard Lindblom appeals from the district court's grant of summary

judgment in favor of the Secretary of the Army and other defendants (collectively

the "Army") on Lindblom's claims of age discrimination, retaliation, and hostile

work environment. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

Summary judgment on the April 2005 denial of promotion claim was proper

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

because Lindblom failed to meet his burden of demonstrating, or raising a genuine issue of material fact as to whether, the legitimate, nondiscriminatory reasons articulated by the Army for not promoting him were actually a pretext for discrimination.  See Coghlan v. Am. Seafoods Co., 413 F.3d 1090, 1094 (9th Cir. 2005).  The mere fact that Lindblom had supervisory experience does not demonstrate the Army's stated reasons for not promoting him were pretextual in light of the uncontradicted evidence that the individuals the Army hired for the WL-7 positions had significant, comparable supervisory experience, and that these individuals performed and scored better than Lindblom during the interview and evaluation process.  Similarly, a union representative's statements that Lindblom should have scored higher based on his experience and did well in the interview do not demonstrate pretext in light of that same union representative's statements that Lindblom did not adequately convey his experience throughout the hiring process and that Lindblom "literally read prepared responses to the panel members." Furthermore, the other union representative stated that the candidates "were all treated equally"; that there was no preferential treatment; that Lindblom should have done better during the interview; and that Lindblom failed to mention important elements of his experience that may have allowed him to receive a higher score.

Summary judgment on Lindblom's claim of discrimination and retaliation in relation to the WG-8 positions was proper. Lindblom neither applied for the positions nor demonstrated that his application for the positions would have been futile. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973) (holding that to establish a claim for discrimination, a plaintiff must demonstrate that he actually "applied and was qualified for" the position) (emphasis added); Int'l Bhd. of Teamsters v. United States, 431 U.S. 324, 365-68 (1977) (holding that a plaintiff who did not apply for a position can still make prima facie showing if he can demonstrate his application for the position would have been futile). Further, Lindblom admitted that his promotion to the temporary WL-7 position was not intended by the Army to deceive him into not applying for the WG-8 positions.

Summary judgment on Lindblom's hostile work environment claim was proper because the actions he complains of did not create a workplace that was "permeated with discriminatory intimidation, ridicule, and insult," "sufficiently severe or pervasive to alter the conditions of [Lindblom's] employment and create an abusive working environment." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993) (internal quotation omitted).

**AFFIRMED.**

3